Sᴛᴀᴛᴇ ᴇx ʀᴇʟ. Wᴀʟᴛᴇʀ Sᴛᴏᴋᴇs *v.* W. O. Wᴀᴛᴛs.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

John S. Wrinkle, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is a *habeas corpus* proceeding by which the relator, Stokes, insists that he is being illegally restrained of his liberty by Watts, the Superintendent of the Hamilton County Workhouse. This contention is based upon the theory that the following judgment, entered upon the minutes of the Criminal Court of Hamilton County, is void:

"THE STATE VS. WALTER STOKES A & B Came the defendant in person, and the Attorney-General by leave enters a *nolle prosequi* on defendant's paying or securing all cost including State and County Tax and Atty. Gen. Fee, which defendant agrees to do. Defendant is therefore adjudged to pay or secure all costs, and in default thereof he will be confined in the jail or workhouse of Hamilton County till he works out same as prescribed by law, and in that event said County will pay the plaintiff's costs when taxed and certified."

Upon the above order being entered, the relator agreed with the sheriff or the clerk that he would make weekly payments on the costs, and was thereupon discharged. Relator made two or three payments and then left the

State. Upon his return some months later he was arrested by the sheriff and confined in the workhouse.

At the common law the entering of a *nolle prosequi* entitled the accused to a discharge. 16 Corpus Juris, 432.

The State concedes that an adjudication of costs against an accused, upon the entering of a *nolle prosequi*, is void where he does not consent thereto.

By section 7619 of Shannon's Code it is provided:

"The state or the county in which the offense was com mitted or is triable, according to the nature of the offense, pays the costs accrued on behalf of the state, in the following cases: . . .

"When the prosecution is dismissed or a *nolle prosequi* entered by the state."

In 15 Corpus Juris, 317, it is said:

"At common law costs as such in criminal cases were unknown. As a consequence it is the rule as well in criminal as in civil cases that the recovery and allowance of costs rests entirely on statutory provisions—that no right to or liability for costs exists in the absence of statutory authorization."

From the above order it appears that the relator consented to pay the costs. That was a mere civil obligation and it was so treated by the authorities, for they discharged relator without requiring him to pay or secure the costs.

We find no authority authorizing the order of imprisonment if the costs are not paid in a case of this character, and are unwilling to hold that this was a consent order. It does not so state. We pretermit the question as to whether such an order, if consented to, is valid.

The judgment of the trial court will be reversed and the prisoner discharged.