STATE *ex rel.* HOBBS *v.* MURRELL, SUPERINTENDENT OF
WORKHOUSE.

(*Knoxville,* September Term, 1935.)

Opinion filed May 4, 1936.

E. B. Baker, of Chattanooga, for plaintiff in error.

B. W. Barker, of Chattanooga, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a petition for *habeas corpus* which was dismissed by the trial judge, who thus states the case in his memorandum opinion, copied into the record:

"The petitioner alleges that he is illegally restrained of his liberty by reason of certain orders made by this court on November 27, 1933, in three separate cases the orders are identical in all three cases and are in the following words:

"Came the defendant in person and the Attorney General by leave enters a *nolle prosequi* on defendant's paying, securing or working out all costs, including state and county tax and Attorney General fees which defendant agreed to do. Defendant is therefore adjudged to pay or secure all costs, including as aforesaid the State

and county tax, and the Attorney General's fee, and in default thereof will be confined in the jail or workhouse of Hamilton County until same is worked out as prescribed by law in which event said county will pay plaintiff's costs when the same have been taxed and certified.

"The record indicates and the clerk recalls that the *mittimusses* upon the foregoing judgments were issued on the day following their entry and that the defendant was not out of custody from the time of his appearance in open court until he was taken to the workhouse, he being at the time unable to pay or secure the costs contemplated by the judgments."

Counsel for petitioner thus succinctly states the issue: "The present case involves but one question and that is whether a defendant can agree that he be confined in the workhouse to work out costs on the entering of a *nolle prosequi*. This question was reserved in *State ex rel.* v. *Watts,* 161 Tenn., 367, 33 S. W. (2d), 72."

It will be observed that the *nolle prosequi* was entered conditionally upon the agreement of Hobbs (1) to pay, secure, or work out "all costs," or (2) in default thereof, "to be confined in the jail or workhouse until same is worked out," etc.

We have considered various sections of our Code of 1932 (11801, 12007, 12008, 12062, and 12243) relating to the payment, securing, and working out of costs in criminal cases, but we are not of opinion that these Code provisions apply (1) to cases in which a *nolle prosequi* is entered, and (2) in which there has been no judgment of conviction. If section 12243 were construed to apply to a *nolle prosequi*, it would be in direct conflict with section 12247 in the same Code chapter, which expressly

provides that the County shall pay the costs when a *nolle prosequi* has been entered.

An examination of the other sections above enumerated, considered in their context leads to the conclusion that the provisions therein contained were intended to apply to those cases only in which guilt had been confessed or adjudged, with resultant liability for fine or imprisonment. We are persuaded that if these sections should be construed to provide for imprisonment without conviction, and where a *nolle prosequi* is entered there has been no conviction, the statutes would violate section 1 of the Thirteenth Amendment to the Constitution of the United States, which forbids slavery or involuntary servitude, ''except as a punishment for crime whereof the party shall have been duly convicted.'' In all other cases involuntary servitude is prohibited. As before .pointed out, in the case before us there was no conviction, but, on the contrary, a dismissal of the charges.

 A *nolle prosequi,* when unconditionally entered, is a dismissal of the indictment against the accused. No conviction of him can be had, except by the beginning of a new case against him. In *Scheibler* v. *Steinburg,* 129 Tenn., 614, 617, 167 S. W., 866, Ann. Cas., 1915D, 1162, this court said:

''It was said by this court in *State* v. *Fleming,* 7 Humph., 152, 154, 46 Am. Dec., 73, that a *nolle prosequi* is a discharge without acquittal, and can be awarded only by the Attorney General and the court. It being a discharge, it is necessarily a termination of the particular prosecution, although it is not a bar to a subsequent prosecution, unless it shall be entered after the defend-

ant has been put to his trial upon a valid indictment before a jury duly sworn and impaneled.''

After entry of the *nolle prosequi,* the petitioner stood uncharged with any crime, and, therefore, his present imprisonment on the indictment that has been dismissed is unlawful, unless his consent to this imprisonment validates it. *State ex rel. Stokes* v. *Watts,* 161 Tenn., 367, 33 S. W. (2d), 72.

■ We are not of opinion that defendant's consent to his imprisonment until the costs are worked out can legalize his enforced confinement. Slavery and involuntary servitude are forbidden by law, and, therefore, a contract to enter into involuntary servitude is illegal and void. The servitude here is involuntary, although the accused consented thereto, because the state, of course, asserts the right to compel the petitioner to work out the costs, notwithstanding his subsequent unwillingness to do so. In *Clyatt* v. *United States,* 197 U. S., 207, 25 S. Ct., 429, 430, 49 L. Ed., 726, it was said that the difference in voluntary and involuntary peonage lay only in the origin of the servitude, not at all in its character. Whether peonage was by agreement or otherwise, it was said that such an agreement contemplated ''compulsory service,—involuntary servitude,'' which was forbidden by the Thirteenth Amendment to the Constitution. So here; while the defendant may have given his consent to his imprisonment for the debt he owed the state and county, his servitude is nevertheless compulsory and now involuntary.

See, also, *Bailey* v. *Alabama,* 219 U. S., 219, 244, 31 S. Ct., 145, 55 L. Ed., 191, 202, and *United States* v. *Reynolds,* 235 U. S., 133, 35 S. Ct., 86, 59 L. Ed., 162.

Had there been a plea of guilty in this case and the assessment of costs on this plea, with or without a fine, an entirely different case would have been presented. Where there is no judgment of guilty, but a dismissal of the case, the accused cannot be held to work out the costs, although consenting to be so confined.

However, a *nolle* may be entered on a legal condition precedent, and, in such case, it is not final or effective until the condition is performed; and confinement in the workhouse was not the only condition of the *nolle prosequi*. The primary condition on which it was entered was the paying of the costs. As has been seen, the court's order read: "Came the defendant in person and the Attorney General by leave enters a *nolle prosequi* on defendant's paying . . . all costs . . . which defendant agreed to do," that is, the order was entered by agreement on the condition specified. Here was a judgment which partook of the nature of a contract, carrying the essential element of agreement. See XVII Am. & Eng., P., 763. The payment of the costs was the real consideration, to be paid either by the defendant, or his sureties, or by the defendant's labor. The provision for payment by his involuntary servitude was, as we have seen, illegal; but it was lawful for the state and the defendant to agree to a dismissal conditioned upon the defendant's paying or securing the costs. Until this agreement is performed, the *nolle* can have no binding force. *State* v. *Morgan,* 33 Md., 44.

It results that, while defendant's confinement in the workhouse for the purpose of working out the costs is illegal, he is not entitled to his discharge from the custody of the proper officials until he has performed the primary and lawful condition upon which the *nolle* was

entered, to-wit, the payment or the securing of the costs. He must be discharged from the custody of the superintendent of the workhouse, but he may be taken into custody by the sheriff on the charges to which the *nolle* was directed and which we hold to be still pending against him, in view of his breach of the condition on which the *nolle* was entered—that he pay or secure the costs. Reversed and remanded.