**STATE of Tennessee, Plaintiff in Error,**

**v.**

**Dennis Michael D'ANNA and Sidney Thomas Bunch, Jr., Defendants in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 7, 1973.

Certiorari Denied by Supreme Court
Jan. 7, 1974.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Robert H. Schwartz, Asst. Dist. Atty. Gen., Nashville, for plaintiff in error.

Joe P. Binkley, Sr., and George E. Mudter, Jr., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

This case is here upon a writ of certiorari to the Criminal Court of Davidson County issued by order of this Court upon consideration of the State's petition for such a writ, seeking review and reversal of that court's judgment quashing a joint indictment against the defendants D'Anna and Bunch. In obedience to the writ, the Criminal Court Clerk of Davidson County has certified and filed in this Court a complete transcript of the record of the proceedings had in this case in Division III of the Davidson County Criminal Court.

According to this record, on June 2, 1972 the Davidson County Grand Jury returned an indictment against D'Anna and Bunch

containing eight counts charging them with unlawful possession of marijuana and other drugs and with possessing each of those substances with the intent to manufacture, deliver or sell the same. Thereafter the defendants filed a motion to dismiss the indictment upon the ground that on May 1, 1972, the date set for their requested preliminary hearing in the General Sessions Court, the State entered an order *nolle prosequi* on each of the warrants against the defendants, over the objection of their counsel, and took the matter before the Grand Jury, thereby depriving them of their right to a preliminary hearing.

Although it nowhere appears in this record, the clear inference is that the warrants upon which the defendants were arrested charged them with some of the drug violations charged in the indictment. The State's petition for a writ of certiorari recites that D'Anna was arrested on two warrants, one charging him with possession of a controlled substance in violation of T.C.A. § 52–1432 and the other charging him with possession of marijuana for the purpose of resale, and that the warrant upon which Bunch was arrested charged possession of a controlled substance in violation of T.C.A. § 52–1432. The briefs filed here by the State state that such were the warrants upon which the defendants were arrested and that they were released on bond after arrest. In their brief the defendants accept and adopt the State's statement of the case. So we will assume that those were the offenses charged in the respective warrants.

The trial judge sustained the defendants' motion and quashed and dismissed the indictment against them, holding that it was "prematurely obtained by the District Attorney General's Office" and deprived the defendants of their right to a preliminary hearing contrary to Chapter 245 of the Public Acts of 1971, codified as T.C.A. § 40–1131. The Court also held:

"It would appear that in the cause of justice that the proper procedure in this matter would dictate that the warrant was inadvertently nolle prossed and that no injustice would be imposed upon either the State of Tennessee or the defendants by seting aside the nolle prosequi heretofore entered and placing the said warrant back upon the docket of the General Sessions Court for a preliminary hearing in accordance with Chapter 245 of the Public Acts of 1971."

In our judgment the action of the trial judge was clearly erroneous and must be reversed.

■ Whether a pending criminal case is to be discontinued or dismissed upon an order *nolle prosequi* is a matter addressed to the judgment of the District Attorney General and the court in which the case is then pending. That is, a *nolle prosequi* can be awarded only by the Attorney General and the court. Scheibler v. Steinburg, 129 Tenn. 614, 617, 167 S.W. 866. A *nolle prosequi* is a formal entry upon the record, by the plaintiff in a civil suit or the prosecuting officer in a criminal action, by which he declares that he will no further prosecute the case, either as to some of the counts, or some of the defendants, or altogether. State ex rel. Underwood v. Brown, 193 Tenn. 113, 244 S.W.2d 168.

■ When an unconditional order *nolle prosequi* is entered after indictment, it is a dismissal of the indictment and no conviction can be had except by beginning a new case against the accused. State ex rel. Hobbs v. Murrell, 170 Tenn. 152, 93 S.W.2d 628. Upon cognate principle, the same rule must necessarily apply to arrest warrants dismissed by the court by an order *nolle prosequi* upon application of the District Attorney General.

■ In this case it is of no determinative significance that the State elected to dismiss the original warrants by entry of *nolle prosequi* orders in the General Sessions Court on the day the preliminary hearing was scheduled. There may be many reasons prompting and fully justify-

ing such action by the State in any given case. The District Attorney General may discover that the original warrant is defective for any number of reasons, or he may find at the last minute that an indispensable prosecution witness has disappeared or that the victim of the crime charged in the warrant refuses to appear and prosecute. Or, as apparently occurred in this case, investigation may indicate that the defendant should be charged with additional similar offenses and that it is advisable and preferable to submit all of them to the Grand Jury. In any event, as noted, whether to enter an order *nolle prosequi* and dismiss a criminal case is up to the District Attorney General and the court. Obviously, the State, acting through its District Attorney General, had the unquestioned right to commence new prosecutions against the defendants by new warrants or by indictment.

■ The only function of the Grand Jury with reference to offenses and alleged offenses it investigates is to determine whether there is probable cause to believe that the person in question committed the offense and should be formally accused thereof by an indictment or presentment and brought to trial. State v. Hudson, Tenn.Cr.App., 487 S.W.2d 672; Shadden v. State, Tenn.Cr.App., 488 S.W.2d 54.

■ Likewise, the only purpose of a preliminary hearing upon a criminal warrant is to determine whether there is probable cause to believe the accused committed the offense charged, T.C.A. §§ 40–1116 and 40–1117, and to fix the amount of bail in bailable offenses, T.C.A. §§ 40–1117 and 40–1119. State v. Hudson, supra; Shadden v. State, supra.

In State v. Hudson, supra, after pointing out that in enacting TCA § 40–1131, with its carefully designed limitation, the Legislature manifestly determined deliberately to preserve the Grand Jury's vitally essential inquisitorial function, we said:

"Clearly, to permit a preliminary hearing and a redetermination of the question of probable cause after return of an indictment or presentment would be intolerable. If the magistrate or general sessions judge found probable cause it would be an idle gesture adding nothing to the validity or strength of the indictment or presentment. On the other hand, a finding of no probable cause in such a preliminary hearing would not and could not invalidate and vacate the prior presentment or indictment and discharge the accused. The futility of such a procedure is plain."

■ Of course, as every lawyer and judge familiar by experience with the prosecutorial processes knows, the authority and power of a Grand Jury to consider a case and return a presentment or an indictment upon finding probable cause is in no way interfered with or prevented by the fact that a committing magistrate fails to find probable cause and discharges the accused in a preliminary hearing. It happens frequently. It could not be otherwise without seriously impairing this vital part of the Grand Jury's function. If the Grand Jury were precluded from investigating an alleged offense previously dismissed upon a preliminary hearing by a committing magistrate because he found no probable cause, such action by the magistrate would amount to acquittal of the accused. Of course, this cannot be.

And in Shadden v. State, supra, after reiterating that this Court and the Supreme Court of this State and federal courts have repeatedly held that a preliminary hearing is not constitutionally required in a criminal prosecution in Tennessee, and that an accused has no constitutional right to a preliminary hearing in this State, this Court said:

"Contrary to the defendant's insistence, Chapter 245 of the Public Acts of 1971, codified as TCA § 40–1131, added no constitutional dimension to our prelimi-

nary hearing statutes, and added nothing to existing statutes on that subject except to repeal TCA § 40–402 which provided for binding over accused persons arraigned before a committing magistrate during a session of the county Grand Jury. That act, TCA § 40–1131, provides:

'In all criminal cases, prior to presentment and indictment, whether the charge be a misdemeanor or a felony, the accused shall be entitled to a preliminary hearing upon his request therefore [sic], whether the grand jury of the county be in session or not.'

"By the express terms of this statute, the right to a preliminary hearing only exists *prior to presentment or indictment*.

\*     \*     \*     \*     \*     \*

"Thus, after the return of the indictment by the Grand Jury, representing its finding of probable cause to believe that the defendant committed the offense charged therein, obviously a preliminary hearing to re-determine the same question was not required. Shaw v. State, 164 Tenn. 192, 47 S.W.2d 92."

So, in this case even if the original warrants had not been dismissed and the preliminary hearing on them had merely been continued from time to time, either by the defendant or by the State or by agreement, and in the meantime the Grand Jury had returned an indictment representing its finding of probable cause to believe the defendants committed the offenses charged therein, obviously a preliminary hearing to re-determine the same question would not have been required. It is no different in this case merely because, for reasons it considered necessary or desirable, the State elected to dismiss the original warrants by *nolle prosequi* in the General Sessions Court on the day the preliminary hearing was scheduled.

The petition for certiorari is sustained, the judgment of the trial court is reversed,

Davidson County Grand Jury indictment number A–9223 is re-instated, and this case is remanded to Division III of the Criminal Court of Davidson County for further proceedings not inconsistent with this opinion.

MITCHELL, J., concurs.

O'BRIEN, Judge (dissenting).

I have no argument with the reasoning of the majority opinion in this case, nor with the legal authorities cited to sustain that reasoning, except that neither the conclusions reached nor the authorities cited touch the question with which we have to deal.

The only question to be considered by this court in this case is whether or not the State may callously ignore and violate the positive mandate of a statute enacted by the legislature designating certain rights to be enjoyed by the citizens of this State.

T.C.A. Sec. 40–1131. *Right to Preliminary Hearing.—*

In all criminal cases, prior to presentment and indictment, whether the charge be a misdemeanor or a felony, the accused shall be entitled to a preliminary hearing upon his request therefore, whether the grand jury of the county be in session or not.

The respondents, Dennis Michael D'Anna and Sidney Thomas Bunch, Jr., were arrested pursuant to warrants on April 1st, 1972. D'Anna was arrested on two warrants, charging him with possession of a controlled substance; and with possession of marijuana for the purpose of resale. Bunch was arrested for possession of a controlled substance in violation of T.C.A. Sec. 52–1432. Respondents were cited to appear in general sessions court on April 10th, 1972, and on that date, through counsel, requested a preliminary hearing, which was agreed to by the State. The cases were continued until May 1st, 1972, for the purpose of obtaining laboratory re-

ports prior to the preliminary hearing. On May 1st, 1972, leave was requested by the State to enter a nolle prosequi, which was granted over objection by defense counsel. Subsequently, on May 16th, 1972, the cases were presented to the grand jury upon an indictment. A true bill was returned on June 2nd, 1972.

Following the indictment, respondents filed a motion to dismiss because of the failure to grant a preliminary hearing. This motion was ruled upon favorably, resulting in the indictment being quashed. The State requested a rehearing upon further submission of case law, after consideration of which the trial court affirmed its ruling to quash the indictment.

Petitioner then filed a petition for writ of certiorari in this court seeking to have the judgment of the trial court reviewed and set aside for the reason that the trial court was without jurisdiction to entertain the motion to dismiss because the issue of the preliminary hearing had been foreclosed by the grand jury indictment.

A very competent brief and argument has been filed in this case from the office of the District Attorney General for Davidson County, in which it is argued that the same function is performed by preliminary hearing procedure, and also grand jury indictment, that is, determination of probable cause. That the election by the State to enter a nolle prosequi on the date set for the preliminary hearing and to proceed directly to the grand jury is a right falling under the broad powers of prosecutorial discretion. That when a true bill was returned by the grand jury the issue of probable cause had been adjudicated and the criminal court was then without jurisdiction to order a preliminary hearing. Therefore, the order quashing the indictment was an act beyond the jurisdiction of the trial court.

The State Attorney General's office has filed a supplemental brief which carries the point somewhat further, and adds in argument that there is no absolute right to a preliminary hearing whether the prosecution is commenced by warrant, indictment or presentment; the purpose of T.C.A. Sec. 40–1131 is not to provide a means of discovery for the accused; and a nolle prosequi by the State does not defeat the purpose of T.C.A. Sec. 40–1131 since the defendant is released from custody.

These arguments on behalf of the State are buttressed by decisions of this court. State v. Hudson, Tenn.Cr.App., 487 S.W.2d 672, and an unpublished opinion released March 10th, 1972, State v. Toney, et al. No fault can be found with petitioner's argument, or authorities, except for the proposition that there is no absolute right to a preliminary hearing whether the prosecution is commenced by warrant, indictment, or presentment. Nor, am I persuaded that the authorities cited here reach the question which is before us, that is, may the State defeat a defendant's statutory right to a preliminary hearing through the artifice of agreeing to the demand in the general sessions court, then, for no apparent reason other than to avoid the mandate of the statute, dismissing warrants on the date the preliminary hearing is to be held and thereafter submitting the charges to the grand jury by indictment. I think not.

On the basis of the decision in State v. Lusky, 196 Tenn. 326, 267 S.W.2d 106, it is quite clear that prior to the enactment of T.C.A. Sec. 40–1131, the State had the legal right to have a nolle prosequi entered in the general sessions court before jeopardy attached, and to have the defendant indicted or presented charging the same crime in the criminal court. Undoubtedly, that right still exists except where this action is preceded, as in this case, by a request of a defendant for a preliminary hearing in accordance with the statute. Neither *Hudson,* supra, or *Toney,* supra, stand for the proposition propounded by the State. In *Hudson* presentments had been returned against the defendant and dismissed in the criminal court as "deficient" and defendant held for further action of the grand jury at the time the original

presentments were quashed. It was thereafter that the motion for a preliminary hearing was made, and it was at that point in the proceedings that the trial court in the *Hudson* case fell into error in granting the motion for a preliminary hearing. This court held that the question of probable cause had already been determined by the grand jury, and defendant had no right to have the same question redetermined by a General Sessions Judge. For the General Sessions Judge to do so, would, on one hand, be an idle gesture adding nothing to the validity or strength of the indictment or presentment. On the other hand a finding of no probable cause in such a preliminary hearing would not and could not invalidate and vacate the prior presentment and discharge the accused. The opinion in *Toney,* supra, reflects that the same situation prevailed in that case.

Not so here. Although the ruling in *Hudson,* supra, cannot be fashioned to fit the circumstances of this case, much is said there which lends reason to my deductions. There is no way under the laws of this State that a person can be put to answer a criminal charge such as we have in this case except by presentment or indictment. Constitution of Tennessee, Article I, Section 14; T.C.A. Sec. 40–301.

It is clear that the inquisitorial function of the grand jury is derived directly from our State Constitution, and its related powers and duties are more extensive than those of the magistrate who makes a preliminary examination in accordance with the statutes. While there is a finding of probable cause in each case, the magistrate's authority is limited to determining whether or not an offense has been committed, and whether or not there is probable cause for charging the defendant with the offense. (T.C.A. Secs. 40–1101 through 40–1131). The magistrate is confined to one of two courses of action. He must either discharge the defendant if it appears that no offense has been committed, or that there is no probable cause for charging the defendant therewith; or if it appears that an offense has been committed and there is probable cause to believe the defendant guilty thereof he must bind him over for action of the grand jury, whose duty it is not only to inquire into all indictable or presentable offenses committed or triable within the county, but to present them to the court by indictment or presentment. T.C.A. Sec. 40–1606. There can be no question of the difference between the duties and responsibilities of a committing magistrate, and the function of the grand jury when one considers the frequent cases which are bound over to the grand jury by a committing magistrate upon which the grand jurors do not concur and in which a true bill is not found despite the determination of probable cause by the magistrate, or vice versa, a true bill is returned after a failure to find probable cause on preliminary hearing. The matter may be considered by the Grand Jury in either event, and there is no necessity for dismissing the warrant to avoid disclosing evidence at a preliminary proceeding.

Discussion of this issue should not be concluded without considering the brief and argument filed on behalf of defendant in which the United States v. Jose C. Pollard, 335 F.Supp. 868 (D.C.D.C., 1971) is cited, not as controlling our authority, but as shedding considerable light on the instant case because it involved an almost identical situation, in that, the prosecution entered a nolle prosequi to avoid having to comply with a court order requiring the prosecution to provide defense counsel with certain information, and thereafter sought and obtained a grand jury indictment. In *Pollard,* supra, in remanding the case for a preliminary hearing, the district court said:

> " . . . . an already scheduled preliminary hearing should not be barred where, as here, the indictment does not intervene in the normal course of events, but rather as the result of unilateral action of the Government, solely for its own benefit, and accompanied by indicia of vexatiousness."

Defendant's argument goes on, in opposition to the State's contention that the purpose of T.C.A. Sec. 40–1131 is not to provide a means of discovery for the accused, to suggest that while not denying this general statement it cannot be denied that discovery is at least an incidental purpose of the preliminary hearing. It is pertinent to dissuade any thought along this line. While discovery may be an incidental purpose of the defense in demanding a preliminary hearing, discovery is certainly not the intent of T.C.A. Sec. 40–1131. Since the enactment of the discovery statutes in this State, (T.C.A. Sec. 40–2044 and 40–2441), the Supreme Court of this State, as well as this court, have consistently held that we do not have broad discovery in criminal cases in Tennessee. State v. Dougherty, Tenn., 483 S.W.2d 90; West v. State, 3 Tenn.Cr.App. 671, 466 S.W.2d 524. I cannot by any stretch of the imagination find the intent of the legislature to be to provide a means of discovery in the enactment of T.C.A. Sec. 40–1131. The statutes prescribing the procedure for preliminary examination upon timely request therefor, (T.C.A. 40–1101 through 40–1131), give the presiding magistrate sufficient latitude in the conduct of those proceedings to insure that any incidental purpose to violate the intent of those statutes and utilize the procedure for the purpose of discovery can be controlled by him.

In this case the accused requested a preliminary hearing prior to presentment or indictment. The statute is mandatory under those circumstances and he was entitled to a preliminary hearing. This statutory right cannot be aborted by dismissing the warrant against a defendant and then submitting the charges to a grand jury after the request for a preliminary hearing has been granted. The Attorney General is the guardian of the law. While it is his duty to attend the courts in his district and prosecute on behalf of the State it is his equal duty to observe all the laws of the State and to protect the rights of its citizens under the law. Every citizen of this State is entitled to no less than the rigid, constant observance of the law by its law enforcement officers whatever the circumstances.

I would affirm the judgment of the Criminal Court of Davidson County and remand the cause for compliance with the judgment of that court.