IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1996 SESSION

FILED

April 29, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9510-CC-00343 |
| | ) | |
| | ) | Rutherford County |
| v. | ) | |
| | ) | Honorable Robert E. Corlew, III, Judge |
| | ) | |
| SAM NEELY, | ) | (Reckless endangerment with a deadly |
| | ) | weapon and passing a worthless check) |
| Appellant. | ) | |

For the Appellant:

Nancy G. Wallace
6 Public Square North
Murfreesboro, TN 37130

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Christina S. Shevalier
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

William C. Whitesell, Jr.
District Attorney General
        and
John Price
Assistant District Attorney General
Judicial Building
Murfreesboro, TN 37130

OPINION FILED:_____

CONVICTIONS AFFIRMED; SENTENCES MODIFIED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Sam Neely, appeals as of right from his convictions for reckless endangerment with a deadly weapon and passing a worthless check in the amount of $808.20, both Class E felonies. The convictions were the result of two separate, unrelated jury trials in the Rutherford County Circuit Court. However, the records from both cases were commingled below so as to reflect a single, consolidated appeal. Therefore, we will address the defendant's contentions with respect to each conviction in this opinion. The defendant received concurrent one-year sentences for both convictions as a Range I, standard offender and a $2,000.00 fine for the reckless endangerment conviction.[1] Regarding the reckless endangerment conviction, the defendant contends that the evidence is insufficient. Regarding the worthless check conviction, the defendant contends that the trial court erred by allowing him to be tried on a dismissed indictment for a charge barred by the statute of limitations. In both cases, the defendant argues that the trial court erred by denying him probation. We affirm the convictions upon the jury verdicts but modify the sentence to reflect time served with the remainder of the one-year sentence to be served on supervised probation for each conviction, to be served concurrently.

## I. RECKLESS ENDANGERMENT CONVICTION

The defendant was originally charged with evading arrest and two counts of reckless endangerment with an automobile as a deadly weapon. One count related to the reckless endangerment of Rutherford County Deputy Whit Davis, and the other count related to the reckless endangerment of Marvin Lester. The defendant was acquitted of evading arrest and the reckless endangerment of Deputy Davis but was convicted of the reckless endangerment of Mr. Lester.

---

[1] The record of the actual particulars of each sentence is quite confusing, but these sentences will be reviewed later in this opinion.

Deputy Davis testified that on April 21, 1993, he went to the defendant's home to serve a writ of execution upon the defendant's Cadillac Seville in order to satisfy a civil judgment against the defendant. After being told by an elderly woman that the defendant was not home, he went around the corner of the house and saw the defendant getting into the Cadillac. He said that he approached the car and told the defendant to get out. He said that he opened the driver's side door and tried to pull the defendant out, but the defendant pushed him off and closed the door. Deputy Davis testified that he threatened to shoot the defendant but did not pull his weapon. He said that the defendant drove away before he could release the door handle.

Murfreesboro Police Officer Tom Sissom testified that he received a dispatch regarding the defendant. He said he saw the defendant driving at a high rate of speed causing other cars to take evasive action. Officer Sissom stated that the defendant was driving forty-five to fifty miles per hour in a thirty-mile-per-hour zone. He said that the defendant "whipped up into a driveway" as a man was crossing it. Officer Sissom arrested the defendant.

Marvin Lester testified that he was in his yard when he heard a siren, and then he saw a car coming into his driveway. He said that he had to run to get out of the way or the car would have run over him. He said that the car came within ten feet of him.

The defendant testified that he was unaware that Deputy Davis was at his house when he left. He said that as he was leaving, Davis ran up and threatened to blow his brains out if he did not get out of the car. He said that Davis' testimony was incorrect. He said that his car doors automatically locked and that Davis would have had to reach into the car to unlock the door. He said that Davis did not touch the car.

3

The defendant testified that he felt threatened by Davis and drove away. He explained that he did not think about Davis being a deputy; he only saw a gun.

The defendant denied going the route described by Officer Sissom and stated that he was going to visit some people. He said he saw Officer Sissom's flashing lights but did not think they were for him. He denied hearing a siren. He said that when he realized that Officer Sissom was pursuing him, he pulled into a driveway. The defendant testified that he was driving about twenty-five miles per hour, and he pulled into the driveway at a slow speed. He claimed that Mr. Lester was in the yard about seventy-five feet from the driveway. Also, he said that there were no skid marks on the driveway. He said that he was unaware of any outstanding civil judgment against him.

The defendant contends that the evidence is insufficient to prove beyond a reasonable doubt that Mr. Lester was placed "in imminent danger of death or serious bodily injury" as required by the reckless endangerment statute. Tenn. Code Ann. § 39-13-103(a). He argues that the evidence fails to show that his car came close enough to Mr. Lester to put him in imminent danger. The defendant asserts that Mr. Lester was standing in the yard when the car pulled into the driveway. Also, he claims that he was not violating any traffic laws. The state contends that the evidence is sufficient.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. <u>See</u> <u>State v. Sheffield</u>, 676 S.W.2d 542, 547 (Tenn. 1984); <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978).

4

Viewed in this light, we believe that the evidence is sufficient to support the reckless endangerment conviction. Although the defendant claims that Mr. Lester was seventy-five feet away from him and that he was traveling at a slow speed, the jury obviously accredited the testimony of the state's witnesses. Officer Sissom testified that the defendant was traveling about fifteen to twenty miles per hour over the speed limit when he "whipped up into" Mr. Lester's driveway. Mr. Lester testified that if he had not been looking, the defendant would have run over him, and he had to run to get out of the way. He testified that the defendant's car came within ten feet of him. In the light most favorable to the state, the evidence is sufficient.

## II. WORTHLESS CHECK CONVICTION

The defendant contends that the trial court erred by allowing him to be tried for the worthless check charge. He argues that the charge had been dismissed as part of a plea agreement, but the trial court reinstated the charge when the defendant withdrew his plea agreement. He contends that the proper procedure to reinstate the charge would be to issue a new indictment. Because this procedure was not followed, he argues that he could not properly be tried for the charge. He also contends that the statute of limitations on the charge has now run. The state argues that a new indictment was not required in order to reinstate the charge, and it further argues that the statute of limitations has not yet run.

The record reveals that the defendant was indicted for the worthless check charge in July 1992. On December 28, 1992, the trial court dismissed the charge without prejudice as part of a plea agreement. On March 22, 1993, the defendant filed a motion to withdraw his guilty plea. The trial court granted the motion on May 6, 1993, and set aside the dismissal of the worthless check charge, reinstating that charge.

5

The defendant now contends that the trial court did not properly reinstate the charge and that a new indictment should have been issued, relying on State v. D'Anna, 506 S.W.2d 200, 202 (Tenn. Crim. App. 1973). In that case, a panel of this court determined that "[w]hen an unconditional order nolle prosequi is entered after indictment, it is a dismissal of the indictment and no conviction can be had except by beginning a new case against the accused." Id. (citing State ex rel. Hobbs v. Murrell, 93 S.W.2d 628, 630 (Tenn. 1936)).

The defendant argues that the reasoning in D'Anna applies to the present case and that his conviction is improper because a new indictment was not issued. The crucial difference between D'Anna and the present case, however, is that in D'Anna, the order nolle prosequi was unconditional. In State ex rel. Hobbs, our supreme court concluded that although an unconditional nolle prosequi would result in charges being dismissed, "a nolle may be entered on a legal condition precedent, and, in such case, it is not final or effective until the condition is performed[.]" 92 S.W.2d at 630. In the present case, the trial court stated that, "Upon the entry of this plea and these settlements, [the worthless check charge] is to be dismissed without prejudice and without costs." Thus, the dismissal of the worthless check charge was implicitly conditioned upon the defendant honoring his plea agreement and was not effective or final until this condition was performed. Because the condition failed, the plea agreement was not binding, and the trial court properly reinstated the charge.

The defendant next argues that the statute of limitations has run, thus the state is precluded from reindicting him on the worthless check charge. The record shows that the offense was committed on July 7, 1990, and a warrant was issued for the defendant on April 10, 1992. At that time, the applicable two-year statute of limitations was tolled, and approximately three months remained before the statute expired. The charge was dismissed pursuant to a plea agreement on December 28,

6

1992.  The defendant moved to withdraw his guilty plea on March 22, 1993, and the order granting the motion and reinstating the worthless check charge was filed on May 6, 1993.

The issue of the subsequent status of charges dismissed pursuant to a plea agreement in which the defendant pleads guilty to another charge has not been addressed in Tennessee in the context of the statute of limitations and the defendant's attempt to withdraw his guilty plea.  However, the case of State v. White, 838 S.W.2d 140 (Mo. Ct. App.), is on point.  White pled guilty to three counts of rape, and two remaining rape counts were dismissed pursuant to the plea agreement.  Subsequently, he successfully collaterally attacked the convictions.  However, the court deemed the collateral attack to be a breach of the plea agreement and set aside the dismissal of the two rape counts.  The defendant was tried and convicted on the five rape counts.  On appeal, he contended that the statute of limitations had run relative to the two dismissed counts.  The Missouri Court of Appeals stated the following:

> This court holds that under the case law tolling criminal statutes of limitations, and in fairness to both sides who enter a plea bargain agreement, the statute was tolled during White's collateral review, and the parties are returned to pre-agreement status by his breach.  Therefore the statute of limitations does not bar the State from prosecuting White on counts IV and V, originally dismissed under the plea agreement. To hold otherwise would allow a defendant to gain the benefits of a plea bargain, and then successfully attack it collaterally, without allowing the state to rescind its part of the bargain.

838 S.W.2d at 142.

Applying the White analysis to the present case, we note that the petitioner filed his motion to withdraw his guilty plea before the statute of limitations had run.  Such would be sufficient to allow reinstatement of the worthless check charge.  However, we also believe that the conditional status of the dismissal operates as a toll of the statute of limitations.  Otherwise, the defendant could successfully attack his

agreed-upon conviction while the state could not rescind its part of the bargain. In any event, the statute of limitations had not run on the worthless check offense.

## III. DENIAL OF PROBATION

The defendant contends that the trial court erred by denying him probation in both the reckless endangerment and worthless check cases. He contends that none of the justifications for denying probation exist in his case. See Tenn. Code Ann. § 40-35-103. The state contends that the trial court found that the defendant had seventy-two days of jail credit and ordered the defendant to begin serving probation immediately. Thus, the state claims that the defendant did receive probation.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving
> at the final sentencing decision, identify the mitigating and
> enhancement factors found, state the specific facts supporting
> each enhancement factor found, and articulate how the

8

> mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1995).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

The sentence to be imposed by the trial court for a Class E felony is presumptively the minimum in the range when there are no enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d), (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

The record in this case with respect to the defendant's sentence is confusing at best. It reflects that the defendant was sentenced to one year as a Range I, standard offender for each conviction and that the sentences were to be served concurrently. Beyond that, it is difficult to determine what sentence the defendant received. The judgment form reflects that the defendant was sentenced to one year of confinement in the Department of Correction. However, on the same judgment form,

9

the trial court handwrote that the defendant was to serve his sentence in the Rutherford County Workhouse.  The same judgment form also reflects that the defendant was sentenced to one year of supervised probation.  The effective date of the probation is March 24, 1995, which is the same date on which the trial court imposed the sentence.

The transcript of the sentencing hearing does not help clarify the record. The following colloquy took place at the sentencing hearing:

> JUDGE: Respectfully, it does appear though to the Court that this is not a case where the Court should simply determine that Mr. Neely should simply be placed on probation.  Respectfully, it appears and the Court recognizes that Mr. Neely has served a substantial period of the sentence.  It appears though that he must proceed to serve the balance of that sentence.
>
> It appears that upon his release, he must be placed on supervised probation, conditioned upon his good and lawful behavior, conditioned upon his payment of the fine which has previously been imposed by the jury.
>
> . . . .
>
> DEFENSE ATTORNEY: Were you asking him to be incarcerated or on supervised probation?
>
> JUDGE: I think he needs to serve the balance of the sentence. Now, if he's standard range 1, 30 percent offender, the Court recognizes he's served a substantial portion of that sentence. But it would be required – and obviously may be commuted to the workhouse for the service of the balance of that.  He must serve the balance of that sentence as a standard range 1, 30 percent offender.  And at the time he serves the balance of that, he's entitled to suspension for the remainder of that period.
>
> DEFENSE ATTORNEY: I misunderstood you.  I thought you said to serve the balance on supervised probation.  So you're saying he needs to serve the balance --
>
> JUDGE: Yes, ma'am.
>
> DEFENSE ATTORNEY:  -- of the sentence.
>
> JUDGE: Yes, ma'am.
>
> DEFENSE ATTORNEY: See, I don't think you can put them on supervised probation if he goes to serve the balance of his sentence.  He would be released on parole.

PROSECUTOR: No. These are determinative released sentences. He comes out the expiration of 30 percent without the actual intervention of the parole board, and he can go on any form of supervision necessary.

. . . .

PROSECUTOR: . . . . We've concluded all proceedings . . . And it would seem appropriate that his period of supervised probation commenced today as opposed to some point in the future.

. . . .

JUDGE: All right. Very well. All right.

After reviewing the record, we simply cannot determine the manner of service in which the trial court ordered the defendant to serve his sentence. Furthermore, if the trial court did deny probation, it failed to state on the record any reason in support of the denial. For these reasons, we have conducted a de novo review of the defendant's sentence and have concluded that a sentence of probation is warranted, taking into consideration the time that the defendant has already served.

Pursuant to Tenn. Code Ann. § 40-35-102(6), the defendant is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. This means that although the defendant is not automatically entitled to probation, a rebuttable presumption exists that a sentence other than incarceration would result in successful rehabilitation. Fletcher, 805 S.W.2d at 787; Ashby, 823 S.W.2d at 168. The presumption can be rebutted upon a showing that:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1).

11

Upon a review of the record, we conclude that the presumption in favor of probation has not been rebutted. The record contains no evidence that the defendant had a lengthy criminal history or that less restrictive measures were frequently or recently applied unsuccessfully to the defendant. "'The entire theory of probation is that it is in the public interest that those who violate society's rules of conduct should, in proper cases, be given an opportunity to rehabilitate themselves . . . .'" Ashby, 823 S.W.2d at 160 (quoting Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974)). Any concern about the less-than-mitigating circumstances surrounding the offense reflecting a particular need for deterrence or need for acknowledging the seriousness of the offense is more than fully met by the time the defendant has already served. Based upon the record before us, we conclude that his concurrent one-year sentences shall be suspended upon time previously served, and the remainder of the time shall be served on probation.

In consideration of the foregoing and the record as a whole, we affirm the defendant's convictions upon the jury verdicts for felony reckless endangerment and passing a worthless check. We modify the defendant's sentences to reflect for each offense a sentence of one year, with time served of seventy-two days and the remainder of the year to be served on supervised probation. The sentences shall be served concurrently.

_____
Joseph M. Tipton, Judge

12

CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
William M. Barker, Special Judge