IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 8, 2000 Session
**STATE OF TENNESSEE v. JOHN RUFF**

**Appeal from the Criminal Court for Shelby County**
**No. 96-09407, 08     John B. Colton, Jr., Judge**

---

**No. W1999-01536-CCA-R3-CD - Filed January 19, 2001**

---

The Defendant, John Ruff, appeals the dismissal without prejudice of the charges against him.  He asks this Court to enter an order dismissing his case with prejudice.  We hold that the trial court properly dismissed the charges against the Defendant without prejudice; thus, we affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. JAMES CURWOOD WITT, JR., J., filed an opinion concurring in part and dissenting in part.

John Ruff, Memphis, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Thomas Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was convicted of two counts of assault after representing himself in a jury trial.  On appeal, this Court reversed his convictions because the trial court failed to properly scrutinize the requisite factors prior to granting the Defendant's request to represent himself.  State v. John D. Ruff, No. 02C01-9801-CR-00006, 1999 WL 281072, at * 4 (Tenn. Crim. App., Jackson, May 7, 1999).  Upon remand, the State moved for a nolle prosequi, stating, "Judge, in view of the amount of assets that have already been expended on this case, I believe it's just in the best interest of judicial economy and justice, to nol pros it without cost."  The Defendant did not object to the nolle prosequi.  Thus, on September 7, 1999, the trial court entered a nolle prosequi without costs, thereby dismissing the assault charges against the Defendant without prejudice.

Subsequently, the Defendant filed a notice of appeal, in which he stated, "Notice is hereby given that the above named defendant hereby appeals to the Court of Criminal Appeals from the final judgment entered in this cause on September 7, 1999."  In his pro se brief to this Court, the

Defendant raises five issues. He alleges (1) that the trial court and the District Attorney's office violated his due process rights by suppressing an exculpatory video tape; (2) that he was prosecuted on these charges in violation of his protections from double jeopardy; (3) that the trial court erred by dismissing the case without costs instead of dismissing the case with prejudice; (4) that the trial court lacked jurisdiction in this case; and (5) that the State committed prosecutorial misconduct. However, four of the Defendant's issues, dealing with his prosecution on the assault charges, are moot because those charges were dismissed. Moreover, the Defendant appealed only from the order of the trial court dismissing the charges against him without prejudice. Accordingly, the only issue before us is whether the trial court properly dismissed the charges against the Defendant without prejudice.

We first question whether this case is properly before us. The Defendant filed a notice of appeal and proceeded to appeal his case as of right pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure. That rule provides as follows:

> In criminal actions an appeal as of right lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals . . . . The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b) (emphasis added). A nolle prosequi is a formal entry upon the record by the "prosecuting officer in a criminal action, by which he declares that he will no[t] further prosecute the case." State v. D'Anna, 506 S.W.2d 200, 202 (Tenn. Crim. App. 1973). Thus, because the charges against the Defendant were dismissed when the State requested a nolle prosequi, there is no judgment of conviction from which the Defendant could appeal pursuant to Rule 3(b). See Homolko v. State, 295 S.W. 66, 67 (Tenn. 1927) (stating, "No appeal lies from a nolle prosequi"). Apparently, our rules did not anticipate that a defendant would desire to appeal the dismissal of charges against him or her.

Notwithstanding, we have considered the Defendant's issue, and we conclude that the charges against him were properly dismissed without prejudice. Our cases establish that a nolle prosequi is a discharge of the case without a conviction or acquittal; thus, a nolle prosequi is not a bar to a subsequent prosecution when entered prior to trial, but a defendant cannot be convicted unless the State begins anew the criminal process against the defendant. See State v. Neely, 1 S.W.3d 679, 682 (Tenn. Crim. App. 1999); State ex rel. Hobbs v. Murrell, 93 S.W.2d 628, 630 (Tenn. 1936); State v. Moore, 713 S.W.2d 670, 674-75 (Tenn. Crim. App. 1985); D'Anna, 506 S.W.2d at 202. Also, our Rules of Criminal Procedure provide, "The state may by leave of court file a dismissal of an indictment, presentment, information or complaint and the prosecution shall terminate." Tenn. R. Crim. P. 48(a). In State v. Landers, 723 S.W.2d 950 (Tenn. 1987), our supreme court, noting that our Rule 48(a) is identical to Federal Rule of Criminal Procedure 48(a), adopted the federal courts' interpretation of that rule: that the trial court should not interfere with the discretion of the prosecutor to dismiss a case unless the dismissal "is contrary to the manifest public interest." Id. at 953; see also United States v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975). The

federal courts concluded that the rule required "leave of the court" prior to dismissal in order to protect defendants from harassment by charging, dismissing, and re-charging defendants without placing them in jeopardy. See Rinaldi v. United States, 434 U.S. 22, 29 n. 15 (1977); United States v. Carrigan, 778 F.2d 1454, 1463 (10th Cir. 1985); United States v. Salinas, 693 F.2d 348, 350-51 (5th Cir. 1982). Thus, under the federal rule, a dismissal pursuant to Rule 48(a) is presumed to be without prejudice, unless the contrary is expressly stated. See United States v. Ortega-Alvarez, 506 F.2d 455, 458 (2d Cir. 1974); DeMarrias v. United States, 487 F.2d 19, 21 (8th Cir. 1973); United States v. Davis, 487 F.2d 112, 118 (5th Cir. 1973). We see no reason for the Tennessee rule to be any different.

Nevertheless, the Defendant asserts that the dismissal should have been "with prejudice" pursuant to Burks v. United States, 437 U.S. 1 (1977), because there was "exculpatory evidence in this case," and "any evidence the prosecution offered or might intend to offer will always be insufficient to support a conviction against the appellant for simple assault." In Burks, the Supreme Court held that the Double Jeopardy Clause bars retrial of a defendant after his or her conviction has been reversed because of insufficiency of the evidence. 437 U.S. at 18. However, the Supreme Court also held,

> reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

Id. at 15. Thus, the Supreme Court ruled that reversal of a conviction for trial error, as opposed to evidentiary insufficiency, does not bar a second trial of the defendant on the same charges. See id.; see also State v. Hutcherson, 790 S.W.2d 532, 534-35 (Tenn. 1990).

When this Court reversed the Defendant's assault convictions, it did so based on the trial court's failure to properly scrutinize the Defendant's request to represent himself; this Court did not conclude that the evidence was insufficient to support the convictions. See John D. Ruff, 1999 WL 281072, at * 4. Accordingly, this Court reversed the Defendant's convictions due to trial error rather than insufficient evidence, and a second trial on the same charges was not barred by double jeopardy. See Burks, 437 U.S. at 15. However, the prosecutor determined upon remand that it was in the best interest of judicial economy to dismiss the charges against the Defendant rather than to proceed to trial. The trial court agreed and granted the State's request for a nolle prosequi. Because the nolle prosequi was a dismissal without a conviction or acquittal and because retrial was not barred by the Double Jeopardy Clause, we conclude that the charges against the Defendant were properly dismissed without prejudice.

Thus, the trial court's dismissal without prejudice of the charges against the Defendant is affirmed.

_____
DAVID H. WELLES, JUDGE