IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 17, 2018 Session

**STATE OF TENNESSEE v. SAUL ALDABA-ARRIAGA**

**IN RE: RADER BONDING COMPANY**

**Appeal from the Criminal Court for Davidson County**
**No. 2016-C-1186    Mark J. Fishburn, Judge**

_____

**No. M2017-01687-CCA-R3-CD**

_____

**ROBERT H. MONTGOMERY, JR., J., dissenting.**

I dissent from the majority's holding that the trial court erred in denying Rader Bonding Company's motion for exoneration and in denying the motion to alter or amend the judgment of forfeiture.

The majority concludes that the grand jury's return of an indictment for fourth offense DUI did not initiate new criminal proceedings and was instead a continuation of the previous proceedings from general sessions court, and I agree. I also agree with the majority's conclusion that neither the State nor the grand jury exceeded its authority by increasing the charges and by including additional charges in the indictment.

However, I cannot join in the majority's conclusions that the State increased Rader's risk under the bond contract by obtaining an indictment for fourth-offense DUI, an offense greater than the second-offense DUI which was charged at the time Rader entered into the bond contract, and that, as a result, Rader was discharged from its obligation and was entitled to exoneration based upon the increased risk. In my view, the $10,000 bond set by the judicial commissioner remained in full force and effect for all charges resulting from the criminal activity that formed the basis for warrants GS742122 and GS742123, even after the grand jury considered the case and issued its indictment containing a greater DUI offense and additional charges. As noted by the majority, Tennessee Code Annotated section 40-11-130(a)(1) provides, in pertinent part:

> If a defendant in a criminal case executes a bond or recognizance
> before any court or other person authorized by law to take a bond or

recognizance for the defendant's personal appearance before a court to answer a criminal charge and there has not been a disposition pursuant to § 40-11-138(b), the bond or recognizance shall be valid and binding upon the defendant and the defendant's sureties, until the time allowed by law for the defendant to appeal a finding of guilt to the court of criminal appeals.

T.C.A. § 40-11-130(a)(1) (2012).

Code section 40-11-138(b) requires that a bail bondsman or surety be released from the obligation for a defendant's bond if the criminal charge is disposed by acquittal, settlement agreement, diversion, or retirement. *See id.* § 40-11-138(b)(1) (Supp. 2017). The majority states that the second offense DUI charge had not been disposed of within the meaning of Tennessee Code Annotated section 40-111-138, and I agree.

Code section 40-11-130(a)(1) states that the bond in a criminal case remains in effect until disposition. Tennessee Rule of Criminal Procedure 8 provides for mandatory joinder of offenses in the same charging instrument if the offenses are:

> (A)   based on the same conduct or arise from the same criminal episode;
>
> (B)   within the jurisdiction of a single court; and
>
> (C)   known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s).

Tenn. R. Crim. P. 8(a)(1)(A)-(C).

The affidavits accompanying the general sessions warrants in this case identify the criminal conduct and criminal episode which form the basis for the warrants. This information was available to Rader at the time it undertook the Defendant's bond. After Rader agreed to act as the Defendant's surety, the events in this case unfolded predictably, with the matter proceeding to the grand jury, and several charges related to the October 4, 2015 criminal episode were returned in a single indictment. Although the affidavits state that the Defendant "was arrested for DUI 2nd Offense due to a prior DUI 1st offense conviction in Maury County in 2014," the affidavits state elsewhere that the Defendant had "a revoked license due to prior DUI charges (two DUI 1st Offenses)." Thus, the affidavits contained information from which a reader could conclude that the alleged DUI was, at a minimum, the Defendant's third such offense. The affidavits also stated that the Defendant's "non-governmental state I.D. card" had been checked against "information from . . . MNPD computers" to ascertain the status of the Defendant's driver's license privileges. From this information, a reader could conclude that further

information as to the Defendant's identity, driving record, and driving status might exist. In addition, the affidavits stated that the driver of the other vehicle was injured, from which a reader could conclude that additional charges related to the bodily injury might be forthcoming. The charges that were returned by the grand jury after Rader undertook the Defendant's bond were all within the realm of foreseeability, based upon the information provided in the general sessions warrants.

Nevertheless, the majority reasons that the increase in the DUI offense from second offense DUI to fourth offense DUI amounted to a unilateral alteration in the terms of the bonding agreement without statutory authority. I disagree. The majority relies upon Florida law as persuasive authority in this regard, but I remain unpersuaded. As the majority notes, the State and the grand jury were not limited by the actions and findings of the general sessions court. *See State v. D'Anna*, 506 S.W.2d 200, 203 (Tenn. Crim. App. 1973). The elements of second offense DUI and fourth offense DUI are the same: only the punishment differs. *See* T.C.A. §§ 55-10-401 (Supp. 2013) (amended 2014), 55-10-402(2)(A), (4) (Supp. 2014) (amended 2015, 2016, 2018).

In setting a bond, a magistrate or judge must take into account the following factors:

    (1)    The defendant's length of residence in the community;

    (2)    The defendant's employment status and history;

    (3)    The defendant's family ties and relationships;

    (4)    The defendant's reputation, character and mental condition;

    (5)    The defendant's prior criminal record, including prior releases on recognizance or bail;

    (6)    The identity of responsible members of the community who will vouch for the defendant's reliability;

    (7)    The nature of the offense and the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of nonappearance; and

    (8)    Any other factors indicating the defendant's ties to the community or bearing on the risk of willful failure to appear.

*Id.* § 40-11-115(b)(1)-(8) (2012). The nature of the offense, the probability of conviction, and the likely sentence comprise only a small portion of the many factors to be considered in determining a defendant's bond. It follows, then, that the increase in the DUI offense from second offense to fourth offense was minor in terms of the bonding agreement and therefore not a unilateral alteration to the agreement.

I am mindful that the State had implied covenants not to interfere with the covenant between the Defendant and his sureties, not to impair the obligation, and not to take any action against the Defendant which increased the risks of the sureties or affected the sureties' remedy against the Defendant, and that a material breach relieves the sureties of the obligation. *See In re Sanford & Sons Bail Bonds, Inc.*, 96 S.W.3d 199, 204 (Tenn. Crim. App. 2002) (relying on *Reese v. United States*, 76 U.S. 13, 21-22 (1869)). For a surety to be relieved of its obligation in this situation, however, the State's breach of its implied covenant must have been the cause of the surety's inability to fulfill its obligation. *Id.*; *see In re Paul's Bonding Co.*, 62 S.W.3d 187, 196 (Tenn. Crim. App. 2001).

I note, as well, that to the extent Rader had concerns about any increased risk by virtue of the fourth offense DUI charge returned by the grand jury, Rader had the option, to surrender the Defendant in exoneration if "[t]he bondsman or surety has good cause to believe the defendant will not appear as ordered by the court having jurisdiction[.]" *See* T.C.A. § 40-11-132(2) (2012). Previously, this court has affirmed a trial court's rejection of a bonding company's motion for exoneration when the bonding company failed to avail itself of the remedy provided by Code section 40-11-132(2). *See In re E&W Bonding Co.*, No. M2004-02097-CCA-R3-CD, 2005 WL 1931402, at *5 (Tenn. Crim. App. Aug. 11, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005). In that case, the bonding company argued, as does Rader in this case, that the State unilaterally increased the risk that the defendant would not appear because the State indicted the defendant for an additional and more serious charge. *Id.* This court noted that the forfeiture of bail bonds and the circumstances in which a bonding company may be relieved from its obligation are strictly regulated by statute. *Id.* This court stated that, pursuant to statute, the bonding company's remedy was to surrender the defendant if it became concerned the defendant would not appear in court. *Id.* Because the bonding company failed to avail itself of this remedy, however, the trial court did not abuse its discretion in denying the motion for exoneration. *See id.*

Although the majority and I disagree as to whether a unilateral alteration to the bonding agreement occurred by virtue of the existence of the fourth offense DUI charge, in my view, resolution of our disagreement is unnecessary to determine the outcome in this case. Rader did not offer any evidence at the exoneration hearings, and the record fails to show, that the increase in the DUI offense from second offense DUI to fourth offense DUI was the cause of Rader's inability to ensure the Defendant's appearance or

otherwise to produce the Defendant to the court.  For this reason, Rader failed to establish that exoneration was appropriate on the basis of any purported unilateral alteration by the State of the bonding agreement.  I conclude, therefore, that the trial court did not abuse its discretion in denying Rader's motion for exoneration and its motion to alter or amend the judgment of forfeiture.

For these reasons, I dissent.

_____
ROBERT H. MONTGOMERY, JR., JUDGE