IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 7, 2000 Session

## STATE OF TENNESSEE v. CLARENCE BRADDOCK, JR.

**Appeal from the Circuit Court for Hardeman County**
**No. 6351     Jon Kerry Blackwood, Judge**

---

**No. W2000-00383-CCA-R3-CD - Filed December 20, 2000**

---

The Defendant, Clarence Braddock, Jr., entered a guilty plea to the offense of introduction of contraband into a penal institution, a Class C felony. After a sentencing hearing, he was denied alternative sentencing and was sentenced to three years incarceration. In this appeal as of right, the Defendant asserts that the trial court erred by denying him alternative sentencing. We hold that the Defendant was properly denied alternative sentencing; thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Jeannie Kaess, for the appellant, Clarence Braddock, Jr.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Elizabeth Rice, District Attorney General; and J. Walter Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was a prison guard at the Corrections Corporation of America (CCA) prison facility in Whiteville, Tennessee when another prison guard approached him about making some extra money. That guard asked the Defendant to bring some drugs into the facility the next day. The two arranged to meet at an Amoco station, where the other guard gave the Defendant marijuana to bring into the facility. The Defendant was instructed to place the marijuana in a trash can in the staff bathroom, where the other guard would pick it up. The Defendant testified that he did as he was asked, but around 6:00 p.m., he discovered that the other guard had been terminated. Around 10:00 p.m., the Defendant removed the marijuana from the trash can to take it out of the facility. However, he was approached by a senior officer who asked to search the Defendant for drugs. The Defendant confessed to possessing drugs, and he was arrested. He was found to be in possession of approximately five ounces of marijuana. The Defendant was taken to the police station, where he

cooperated with the police and answered all of their questions. He was subsequently released on bond. Later, the Defendant borrowed a friend's car and went back to the police station to talk to a Tennessee Bureau of Investigation agent, at the agent's request. The Defendant identified the person who gave him the marijuana.

The presentence report reflects that at the time of sentencing, the Defendant was thirty-five years old, married, although separated from his wife, and had two children. He has two prior convictions: one for burglary and one for attempted forgery. Both convictions are over eleven years old. At the hearing, the Defendant testified that he served ten months of his four year sentence for burglary in jail, and he did not serve any jail time for the attempted forgery. He told the court that his prior convictions were the result of an alcohol problem that he had at the time. The Defendant completed an alcohol treatment program, and he reported that he had not consumed any alcohol since 1994. In the statement he gave to the probation officer, the Defendant stated,

> [Officer Rivers] told me to put the drugs in my shoes and carry [them] in. I know it is wrong for what I did and I know I have to pay for what I did, but I have never tried to denie [sic] or lie about what I did and I am very sorry for what I did & I have hurt a lot of people, but I will cooperate with the court and I promise I will better my life and I do thank you for giving me a chance to tell how I came to be involved in this charge.
>
> After hearing the testimony and the argument of counsel, the trial court ruled as follows: The Court finds the Defendant has a prior history of criminal convictions and criminal behavior [in addition to those necessary to establish the] appropriate range. And the Defendant abused the position [of private] trust as a guard for the CCA by bringing in contraband into the facility of his employment.
>
> These enhancement factors outweigh the mitigating factor that he's admitted his guilt and that he has assisted the authority in apprehending others involved in the crime.
>
> The Court sentences Defendant to a $2,000 fine and three years in the Department of Corrections and assigns the Defendant to serve 30 percent before he's eligible for release. Defendant will report here on February 15th at 5:00 p.m.
>
> And then in recognizing the Defendant will be presumed eligible or a favorable candidate for an alternative sentencing, the Court denies same based upon the prior record of the Defendant.

The Defendant now argues that he should have been granted alternative sentencing.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a <u>de novo</u> review of the sentence with a presumption that the determinations

made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." Id. § 40-35-102(5). However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 228, 235 (Tenn. 1986)).

Because the Defendant was convicted of a Class C felony as a standard offender, he is presumed to be a favorable candidate for an alternative sentence, unless sufficient evidence rebuts that presumption. See Tenn. Code Ann. § 40-35-102(6). In denying the Defendant an alternative sentence, the trial court merely stated that it "denies same based upon the prior record of the Defendant." Thus, it does not affirmatively appear on the record that the trial court considered the appropriate principles of sentencing. See Ashby, 823 S.W.2d at 169. Accordingly, our review of the Defendant's sentence is de novo without a presumption of correctness.

Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated § 40-35-103(1), which sets forth the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct.
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also Ashby, 823 S.W.2d at 170; State v. Neely, 1 S.W.3d 679, 685 (Tenn. Crim. App. 1999). Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3)-(4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Id. § 40-35-103(5).

Based on our de novo review, we conclude that the presumption of alternative sentencing has been rebutted. We base our conclusion on the Defendant's history of criminal conduct and our findings that confinement is necessary to avoid depreciating the seriousness of the offense and that measures less restrictive than confinement have frequently been applied unsuccessfully to the Defendant. In State v. Bingham, 910 S.W.2d 448 (Tenn. Crim. App. 1995), we stated,

In order to deny an alternative sentence based on the seriousness of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all factors favoring a sentence other than confinement.

Id. at 454 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). The circumstances of this offense are especially reprehensible because the Defendant abused his position of trust as a prison guard in committing the offense. He was well aware of the consequences of criminal activity, as he saw them every day he worked. He was entrusted with the protection and supervision of prison inmates. Yet, the Defendant agreed to bring drugs into the prison facility, knowing that his actions were wrong and illegal. While the Defendant did cooperate with the police and take responsibility for his actions, we believe that the nature of the offense outweighs these factors which would favor a sentence other than confinement.

We also recognize the Defendant's prior criminal history. Although the Defendant's convictions are over eleven years old, he does have two felony convictions. He did not serve any jail time for the attempted forgery, and he served ten months of a four year sentence for burglary. While the Defendant went many years without acquiring another offense, it is apparent that his rehabilitation was not a success. When he did commit another offense, he abused his position as a prison guard to bring drugs into the prison. Thus, we conclude that measures less restrictive than confinement have proved unsuccessful. In order to facilitate the Defendant's rehabilitation and to

impose the least severe measure necessary to achieve the purposes of the sentence, we believe a sentence of confinement is necessary.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE