IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 8, 2022 Session

**STATE OF TENNESSEE v. ERNEST SEARD**

**Appeal from the Criminal Court for Shelby County**
**No. 20-03708       J. Robert Carter, Jr., Judge**

———————————————————

**No. W2021-01485-CCA-R3-CD**

———————————————————

Following the denial of a motion to suppress, the defendant, Ernest Seard, pled guilty to one count of driving under the influence ("DUI") and was sentenced to eleven months and twenty-nine days in jail with all but five days suspended to probation.[1]  As a condition of his plea, the defendant reserved the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(D), challenging the denial of his motion to suppress his "search, seizure and arrest."  Upon our review, we conclude the trial court erred in its application of Tennessee Rule of Criminal Procedure 37(b)(2)(D). Accordingly, we vacate the judgment of the trial court, reinstate count 2 of the indictment, and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Vacated**
**and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Andre C. Wharton, Memphis, Tennessee, for the appellant, Ernest Seard.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Vanessa R. Murtaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] Execution of the defendant's sentence was stayed and the defendant was released on "ROR" bond pending the resolution of the instant appeal.

# OPINION

## *Facts and Procedural History*

On September 28, 2019, officers conducted a traffic stop of the defendant after he was observed driving in a reckless manner. As a result of the interaction, the defendant was indicted on two alternate theories of DUI: Count 1, DUI per se, and Count 2, DUI by intoxication. The defendant filed a motion to suppress the evidence obtained from the traffic stop, asserting the officers did not have reasonable suspicion or probable cause to initiate the traffic stop, exceeded the permissible scope of the stop, and conducted a custodial arrest without probable cause. The defendant also filed a motion to dismiss for failure to preserve evidence in which he raised a separate issue claiming the dash and body camera footage that potentially captured the events of his detainment was unavailable to the defense due to official error. The defendant alleged the missing evidence would have supported his motion to suppress.

The trial court conducted a hearing on the motions in August 2021. At the onset, the parties discussed the potential next steps that could come out of the court's ruling, including the defendant preserving a certified question of law. However, the trial court determined they need not discuss next steps until it ruled on the motion to suppress and proceeded to hearing the evidence.

Sergeant Lee Potts with the Memphis Police Department testified that on September 28, 2019, he was on foot patrol working the Beale Street detail at Peabody Place and Rufus Thomas Boulevard. At some point that night, he saw the defendant pull up in his pickup and block the flow of traffic. Therefore, Sergeant Potts told the defendant he needed to move his vehicle. Despite the defendant's insistence he was only there to pick up his girlfriend, Sergeant Potts instructed him to move his vehicle because it was blocking the roadway. After several minutes, Lieutenant Marlon Tabor also got involved in the exchange and the defendant became "very argumentative." When the officers reached the point of deciding to remove the defendant from his vehicle, the defendant "backed up, almost striking several cars, and then he pulled forward at a high rate of speed and he left." Sergeant Potts did not know how fast the defendant was driving but noted the defendant accelerated so fast his tires squealed "plus it was a congested area and he was driving too fast for that area[.]" Sergeant Potts surmised "just by observation, . . . [the defendant] was going more than 35 miles per hour." When asked, Sergeant Potts explained he did not pursue the defendant because it was the department's policy to only chase fleeing violent felons and this was a traffic incident.

Sergeant Potts recalled, however, that the defendant returned to the area about five minutes later, and officers immediately approached to detain him for reckless driving.

They asked the defendant to exit his vehicle and placed him under arrest, at which point, they could smell alcohol on the defendant's breath and had probable cause to believe he was under the influence of alcohol. An inventory of the defendant's vehicle uncovered an empty liquor bottle inside.

Lieutenant Marlon Tabor with the Memphis Police Department testified consistently with Sergeant Potts as to the sequence of events that night. Lieutenant Tabor recalled that when they initially encountered the defendant in his vehicle, the defendant's vehicle was "turned off and parked" in the middle of the street. Lieutenant Tabor also recalled that after their exchange with the defendant, the defendant "took off at a high rate of speed, spinning his back tires" and that the vehicular and pedestrian traffic was heavy that night. Lieutenant Tabor could not remember how fast the defendant was going when he "burned off" but estimated the defendant could have been going as fast as fifty or sixty miles per hour. Lieutenant Tabor acknowledged that when they saw the defendant come back the second time, they were going to detain him for reckless driving. Then, once the defendant was detained, they would make the determination on whether to give him a citation or conduct a custodial arrest. However, when they approached the vehicle to remove the defendant to prevent him from fleeing again, they noticed the defendant smelled of alcohol developing a suspicion of DUI. Lieutenant Tabor clarified officers opened the door to the defendant's vehicle and removed him from the vehicle, but it was not in an aggressive manner.

The defendant testified to his version of the encounters with law enforcement on the night in question. According to the defendant, the traffic was "bumper to bumper" that night making it hard to get around, so he activated his hazard lights and pulled over to the side next to a row of parked cars. At that point, Sergeant Potts approached and informed the defendant he could not park there. He tried to explain to Sergeant Potts that he was picking up his girlfriend, but their interaction "was a little aggressive." The defendant testified that he pulled away when the officer told him he needed to go but denied that his tires squealed or that he reached an excessive speed. According to the defendant, when he pulled off, there was only the length of an intersection before he reached another car and he "probably couldn't even get up to 20 miles an hour." The defendant maintained, contrary to the officers' testimony, he never had his truck in park or turned off, he merely had his foot on the brake.

After his initial interaction with Sergeant Potts, the defendant followed the line of traffic up the street, turned around, and then returned to the same area on the opposite side of the street. He saw his girlfriend walking toward his truck, but before she arrived, three or four officers approached him. According to the defendant, the officers "yanked" his door open and forcefully removed him from the vehicle. He was immediately handcuffed, searched, and placed in the back seat of a patrol car.

- 3 -

Following the conclusion of the proof and argument of the parties, the trial court took the matter under advisement. The following day, the trial court made extensive oral findings in denying the defendant's motion to suppress. The court found the defendant operated his vehicle in a reckless manner or the officers had "at least probable cause or reasonable articulable suspicion to believe it was a reckless manner." The court further found that when officers detained the defendant three to five minutes later, the "detention was not made for any other purpose other than articulable suspicion of either reckless driving or failure to comply with a lawful order of an officer to keep moving[.]" The court determined the investigation of the potential DUI arose out of that detention.

Thereafter, the trial court and parties discussed the defendant's motion to dismiss for failure to preserve evidence, i.e., camera footage. The court first determined the defendant's claim did not affect its decision on whether there was reasonable suspicion to detain the defendant because the salient footage would have been from Sergeant Potts. However, Sergeant Potts was not wearing a body camera, so the evidence "was never created." The court determined the mistaken deletion of Lieutenant Tabor's body camera footage, the only body camera footage proved to have existed and related to this case, had no impact on the DUI per se count of the indictment because the defendant's behavior was not relevant to such charge. The court noted the footage could be relevant to DUI by intoxication as charged in the second count, but there was other evidence available bearing on the defendant's demeanor militating against dismissal of that count of the indictment. The court then indicated the matter was ready to proceed to trial. The defendant again referred to reserving a certified question and asked the court of its position "on whether these issues are dispositive, particularly your search decision." The court responded, "If y'all reach an agreement to enter a guilty plea with a certified question, I'll hear it."

On October 7, 2021, the defendant entered a petition to plead guilty and a "statement of certified question of law." The defendant alleged in the statement that the question was reserved "pursuant to Rule 37(b)(2)(A, D) of [the] Tennessee Rules of Criminal Procedure." On the same date, the trial court conducted a guilty plea hearing, at which the State said, "For the record, the certified question was not submitted with the consent of the State. The State did not have time to consent to it, it was never given to us prior to 10 minutes ago." Following an exchange about the parties' communication up to that point regarding the certified question, the court said, "I approved it, and I thought the State agreed. They don't, that's fine. I have ordered that the guilty plea may be entered certifying this limited question of law, whether the Court erred in denying the motion to suppress that we heard."

The hearing continued with the State informing the court that the defendant was pleading guilty to DUI in the first count of the indictment but the disposition was not agreed

upon and would be reserved pending "whether the Criminal Court of Appeals finds the certified question dispositive and finds in [the defendant]'s favor." The court corrected that the disposition was not being reserved and the matter was going to be set for sentencing. Defense counsel stated twice during the plea hearing that the defendant was pleading guilty but there was not a plea agreement. After informing the defendant of his rights, the trial court accepted the defendant's plea of guilty to DUI in the first count and stated the "second count of this indictment is going to be dismissed as part of the sentencing, that will be nolle prossed."

On October 7, 2021, the trial court entered an order reserving a certified question of law "pursuant to Tenn[essee] Rule of Criminal Procedure 37(b)(2)(D)." A judgment was entered on November 18, 2021, reflecting the imposition of a sentence of eleven months and twenty-nine days with all but five days suspended to probation. In the special conditions box, the trial court incorporated the defendant's certified question as follows:

> Whether the trial court erred on August 25, 2021 by denying defendant's motion to suppress the search, seizure and arrest of defendant on September 28, 2019 and by determining that the circumstances of said search, seizure and arrest of defendant on said date comported with [the] Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution? By consent and agreement of the court and defendant, this certified question of law herein is dispositive of the case.

The special conditions box on the judgment for count one indicates "NP/NC Count 2." The defendant filed a timely notice of appeal.

### *Analysis*

Initially, we must determine whether there was a plea agreement in place as contemplated by Tennessee Rule of Criminal Procedure 37(b)(2)(A) or if, as the defendant appears to argue, there was no plea agreement and the defendant was pleading guilty to the indictment as contemplated by Rule 37(b)(2)(D). The answer to this question determines whether this Court has jurisdiction to entertain the defendant's appeal and review the merits of his claim or whether this Court lacks jurisdiction and, therefore, must dismiss the instant appeal. Upon our review of the record, it is clear that a plea agreement was not in place requiring us, therefore, to analysis this matter in light of the requirements of Rule 37(b)(2)(D).

Tennessee Rule of Criminal Procedure 37(b)(2) provides a certified question may be reserved when:

(A) ***the defendant entered into a plea agreement*** under 11(c) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identified clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; or

. . . .

(D) ***if there is no plea agreement pursuant to Rule 37(b)(2)(A)***, the defendant – with the consent of the court – explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2)(A)(i)-(ii) are otherwise met.

(emphasis added).

At the outset of the plea hearing, the defendant informed the trial court that he was "before Your Honor to do the plea. You remember Your Honor, I asked if we could reserve the sentencing to a different date." The State then noted it had not received "any paperwork." In response, the defendant stated, "Oh, we've got paperwork. I don't know— it's not a plea agreement, so I mean, here's what I'm going to present to the Court." After the trial court was provided with the appropriate paperwork, the following exchange took place:

- 6 -

**[The State]**: For the record, the certified question was not submitted with the consent of the State. The State did not have time to consent to it, it was never given to us prior to 10 minutes ago. In the matter of State vs –

**[The Defendant]**: Can I—I don't think it matters in terms of when it was—but I just want to—just so the record can be clear, Your Honor, may recall we communicated with the State—

**Trial Court**: No. I'm not—
. . .

**Trial Court**: It's all right. State says they don't approve, I approved—we had this discussion—

**[The Defendant]**: Yes, sir.

**Trial Court**: I approved it, and I thought the State agreed. They don't, that's fine.

**[The Defendant]**: That's fine.

**Trial Court**: I have ordered that the guilty plea may be entered certifying this limited question of law, whether the Court erred in denying the motion to suppress that we heard. I've got an order to the effect, and that's where we are.

**[The Defendant]**: Yes, sir.

**[The State]**: In matter of State vs. Earnest Seard, indictment number 20-03708, Mr. Seard will be pleading guilty to count one of that indictment, DUI first offense. The disposition, which is not agreed upon, will be reserved for whether the Criminal Court of Appeals finds the certified question dispositive and finds in Mr. Seard's favor.

The State then recited the facts supporting the defendant's plea. In response to the recitation of the facts, the defendant responded, "we would ask Your Honor to accept our plea agreement that he's entered—not plea agreement, but the plea that he's entering with the Court today."

Based on our reading of the record, it is clear there was no agreement between the parties. While it appears the State and the defendant had been involved in plea

negotiations, the record makes clear that there was no meeting of the minds at the time of the hearing. This fact is further cemented by the trial court's comments that it was not concerned with the State's consent to the certified question and by the defendant's continued statements that there was no plea agreement. Moreover, the trial court's order reserving the certified question states that the trial court was certifying the question "pursuant to Tenn[essee] Rule of Criminal Procedure 37(b)(2)(D)."

While Rule 37(b)(2)(D) allows a defendant to plead and reserve a certified question without consent of the State, our reading of the rule requires the defendant to plead to the indictment as charged. Rule 37(b)(2)(D) clearly states that "if there is no plea agreement pursuant to Rule 37(b)(2)(A)" a defendant can reserve and appeal a certified question of law. A plain reading of the rule reveals that in order to qualify under subsection (b)(2)(D), there is no agreement between the State and the defendant as to the disposition of the charges, and the clear, and only, inference is that the defendant is pleading as charged to the trial court to all counts of the indictment. Here, the defendant did not do that. Rather, the trial court specifically noted that "[t]he second count of this indictment is going to be dismissed as part of the sentencing, that will be nolle prossed."

While the trial court has the authority to merge counts charging alternate theories of DUI at sentencing upon conviction of both and/or the authority to dismiss a count upon finding a legal basis, the trial court lacks the authority to nolle prosequi a count as such action lies within the sole discretion of the prosecution. *See State v. D'Anna*, 506 S.W.2d 200, 202 (Tenn. Crim. App. 1973) (An order of "[n]olle prosequi is a formal entry upon the record . . . by which" the State dismisses the defendant's charges.). The Tennessee Rules of Criminal Procedure do, however, authorize the trial court to dismiss an indictment under certain circumstances. For example, Tennessee Rule of Criminal Procedure 48(b) preserves the accused's right to a speedy trial by providing that the trial court may dismiss an indictment "[i]f there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial . . . ." However, we have no such finding in the instant matter. In addition, Tennessee Rule of Criminal Procedure 12(b)(2) implicitly allows the trial court to dismiss an indictment when a motion to suppress is made prior to trial. Yet, in this case, the question on appeal is a challenge to the trial court's denial of a motion to suppress. Finally, if a defendant is indicted while a preliminary hearing is pending, the trial court may dismiss the indictment on the defendant's motion. Tenn. R. Crim. P. 5(e). Again, such is not at issue in the instant appeal.

Here, both the trial court's statement and the judgment entered by the trial court note that the second count of the indictment was nolle prosequi. Moreover, as noted *supra*, the trial court, in denying the defendant's motion to suppress, determined there was no legal basis to dismiss the indictment and determined the proof presented by the State was

sufficient to proceed to trial on both counts. Thus, the plea, in which the trial court "dismissed" and "nolle prossed" the second count of the indictment, does not conform to Tennessee Rule of Criminal Procedure 37(b)(2)(D), and the trial court erred in proceeding under that subsection. Accordingly, the judgment of the trial court is vacated, count 2 of the indictment is reinstated, and the matter is remanded for further proceedings consistent with this opinion. Upon remand, the defendant can still enter into a plea agreement with the State pursuant to Rule 37(b)(2)(A) or plead as charged to the indictment pursuant to Rule 37(b)(2)(D) and certify a dispositive question for review on appeal. However, the defendant's plea must conform to one of those subsections and cannot, as is the case in the instant matter, create some hybrid version of both rules.

Despite our determinations that no plea agreement existed and that the trial court erred in its application of Tennessee Rule of Criminal Procedure 37(b)(2)(D), we find it necessary to briefly address the certified question presented. Our supreme court has held that,

> where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.

*State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The requirements set forth in *Preston*, which are now clearly stated in Rule 37, are "explicit and unambiguous." *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). The defendant bears the burden of satisfying the requirements of Rule 37(b)(2). *Pendergrass*, 937 S.W.2d at 837. "Certified question[s] are overly broad when they mention a violation of a defendant's right but do not clearly outline the question beyond the right allegedly violated." *State v. William G. Barnett, Jr.*, No. M2013-01176-CCA-R3-CD, 2014 WL 1632080, at *5 (Tenn. Crim. App., Apr. 23, 2014).

At the suppression hearing, the defendant contested he was driving recklessly but asserted, even if he was, his alleged reckless driving did not provide reasonable suspicion or probable cause for a traffic stop that did not take place right away. He further asserted officers exceeded the permissible scope of the stop and initiated a custodial arrest without probable cause. Yet, the defendant's certified question makes no mention of any of these issues. It does not clearly state the reasons relied upon by the defendant at the suppression hearing, nor does it state the actual reasons the trial court denied the motion to suppress. *See, e.g., State v. Casey Treat*, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5

(Tenn. Crim. App., Nov. 18, 2011) (holding a certified question that did not "articulate the reasons previously relied upon by the [d]efendant in support of his arguments [and did] not describe the trial court's holdings on the constitutional issues presented" was overly broad); *State v. Bradley Hawks*, No. W2008-02657-CCA-R3-CD, 2010 WL 597066, at \*5 (Tenn. Crim. App. 2010) (holding the certified question was overly broad because it did not specify what police action rendered the search and arrest unconstitutional, and did not adequately set forth the legal basis for the claim). The scope and limits of the legal issue reserved, the reasons relied upon by defendant at the suppression hearing, and the trial court's reasoning for denying the motion to suppress should be discernable from the certified question of law without looking at any other portions of the appellate record. *See State v. Jeffrey Van Garrett*, No. E2018-02228-CCA-R3-CD, 2020 WL 1181805, at \*3 (Tenn. Crim. App., Mar. 11, 2020). For these reasons, we determine the defendant's certified question is overly broad.

### *Conclusion*

Based on the foregoing, we vacate the judgment of the trial court, reinstate count 2 of the indictment, and remand for further proceedings consistent with this opinion.

_____
J. ROSS DYER, JUDGE