IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2025

## STATE OF TENNESSEE V. DESTINY SHARINA WILLIAMS

**Appeal from the Circuit Court for Madison County**
No. 22-769     Kyle C. Atkins, Judge

_____

### No. W2025-00473-CCA-R3-CD

_____

The State appeals the trial court's dismissal of the indictment against the defendant, Destiny Sharina Williams, charging her with assault and abuse of a vulnerable adult. The State argues that dismissal was in error because the trial court based its decision on the State's failure to object to a delayed dismissal of warrants against the defendant in city court. Upon our review of the record, the applicable law, and the parties' briefs, we reverse the trial court's order dismissing the indictment, reinstate the charges against the defendant, and remand the case to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR. and STEVEN W. SWORD, JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Katie L. Ferguson and Benjamin C. Mayo, Assistant District Attorneys General, for the appellee, State of Tennessee, for the appellant, State of Tennessee.

J. Colin Morris, Jackson, Tennessee, for the appellee, Destiny Sharina Williams.


## OPINION

### *Facts and Procedural History*

On April 17, 2022, police officers swore out warrants against the defendant charging her with the felony offenses of aggravated assault and abuse of a vulnerable adult. The warrants recited that the defendant was the caregiver of the victim and that, on that date,

the victim called 911 requesting assistance due to having suicidal thoughts. During the phone call, the defendant was heard yelling at and striking the victim with a belt because the victim would not follow the defendant's instructions to take a bath. When officers arrived, they observed multiple injury marks on the victim's thigh.

The charges proceeded to a preliminary hearing in the Jackson City Court on August 29, 2022. At the preliminary hearing, the victim testified that the defendant, one of her caretakers, "whooped [her] with a belt" because she would not take a bath. The defendant hit the victim "six or seven times" and the contact left belt marks. Defense counsel began his cross-examination of the victim, but the city court judge interjected soon thereafter. Rather than discussing the facts of the case, the city court judge asked whether the defendant was still employed by the caretaking company. After being informed that the defendant now worked at Burger King instead, the city court judge indicated an intent to "pass this." The judge reiterated, "Pass it 90 days, then dismiss it, if there's no problems." The warrant and court minutes reflect this ruling. The minutes reflect the additional provisos that the defendant "pay cost" and that a hearing was scheduled for November 28, 2022.

Four days later, on September 2, 2022, the city court case was "dismissed per DA and judge." Four days after that, the Madison County Grand Jury returned an indictment against the defendant, charging her with assault and abuse of a vulnerable adult.

The city court minutes reflect that the case was closed on December 1, 2022, and an order of expungement related to all city court records was entered by the city court judge on June 26, 2023.

At a hearing before the Madison County Circuit Court on January 8, 2025, defense counsel informed the trial court that, in reviewing the case, he discovered that the city court judge had "passed" the case for ninety days, and the defendant had paid the court costs and had her records expunged. Defense counsel asserted, "I don't think normally . . . res judicata . . . is a problem, [b]ut it looks . . . like this case has been disposed of." The State responded that the city court judge did not have legal authority to pass the case for ninety days, but instead, could only "find probable cause or no probable cause." The State asserted that because the city court judge created "an illegal option," the State "dismiss[ed] it out of city court and d[id] a straight indictment." Defense counsel countered that the State had "acquiesced to an agreement" because it did not "affirmatively object" to the delayed dismissal "right then and there at the preliminary hearing[.]" The State responded that the matter "was resolved in a way that allow[ed] the State to proceed to the Grand Jury, which is what the State did."

The trial court observed that the defendant had "been operating under the impression that the case was dismissed and expunged. And she paid her court costs. . . . It just doesn't seem quite fair." The court elaborated:

[O]n August 29th, . . . if [the State] didn't say anything at that point and the lawyer told [the defendant], . . . don't get in any trouble in 90 days, pay your court costs, it will be expunged, and nobody ever tells her anything different other than the indictment, that's not her job to know that.

So I think the State has an affirmative duty at the time that is talked about to say something. They can't just be silent and then the next day dismiss the case.

After the parties procured a transcript of the preliminary hearing to see if the State had "object[ed] to the court passing it for 90 days," the trial court held another hearing and ultimately reiterated its decision to dismiss the case. The court clarified that its decision was based on the State's failure to object to the city court judge's delayed dismissal and to demand a probable cause determination or immediate dismissal at that time.

On March 5, 2025, the trial court entered an order dismissing the indictment. In the order, the court recited the procedural history from the Jackson City Court and held that "[b]ecause the State of Tennessee did not object to the City Court Judge's ruling to pass the case 90 days and then dismiss it if no problems, the State acquiesced to the ruling. The State had an affirmative duty to object at the time the ruling was made." The court continued that "[t]o allow the State to proceed forward with the above indicted matter in Circuit Court would be fundamentally unfair to the defendant, due to the defendant relying on the City Court Judge's ruling."

The State appealed pursuant to Tennessee Rule of Appellate Procedure 3(c), which affords the State an appeal as of right from an order "which results in dismissing an indictment."

### *Analysis*

On appeal, the State argues that the trial court erred in its dismissal of the indictment against the defendant because the city court case was dismissed and the grand jury's return of an indictment initiated a new proceeding. The defendant responds that the State acquiesced to the city court judge's delayed dismissal and should have given her notice it was seeking immediate dismissal because the "case was disposed of." We agree with the State.

- 3 -

Our review of a pretrial motion to dismiss involving a question of law is de novo with no presumption of correctness. *State v. Welch*, 586 S.W.3d 399, 402-03 (Tenn. Crim. App. 2019); *see State v. Sherman*, 266 S.W.3d 395, 403 (Tenn. 2008) ("Generally speaking, pre-trial motions to dismiss that are capable of determination involve questions of law, rather than fact. . . . [A]s to questions of law, we review the trial court's holding de novo with no presumption of correctness.").

Although our research has revealed no precedent for the precise situation that happened in this case, i.e., a city court judge ordered a delayed dismissal pending certain conditions were met but the State dismissed the charges and obtained an indictment by the grand jury before that happened, we are able to assimilate several principles to guide our analysis.

"Any defendant arrested or served with a criminal summons prior to indictment or presentment for a misdemeanor or felony, except small offenses, is entitled to a preliminary hearing." Tenn. R. Crim. P. 5(f)(1). Tennessee Criminal Procedure Rule 5.1 governs preliminary hearings and states as follows:

> (b) WHEN PROBABLE CAUSE FOUND. When the magistrate at a preliminary examination determines from the evidence that an offense has been committed and there is probable cause to believe that the defendant committed it, the magistrate shall bind the defendant over to the grand jury and either release the defendant pursuant to the applicable law or commit the defendant to jail by a written order.

> (c) WHEN PROBABLE CAUSE NOT FOUND. When the magistrate determines from the evidence that there is not sufficient proof to establish that an offense has been committed or probable cause that the defendant committed it, the magistrate shall discharge the defendant. The discharge of the defendant does not preclude the state from instituting a subsequent prosecution for the same offense. . . .

Thus, the city court judge had two options available to him at the preliminary hearing – find probable cause and bind the defendant over to the grand jury or find no probable cause and dismiss. What the city court judge did here, pass the case with dismissal after ninety days if the defendant had "no problems," was not an available option as that was effectively an attempt to render a final judgment which is beyond a magistrate's[1]

---

[1] Rule 1 of the Tennessee Rules of Criminal Procedure defines "magistrate" to include "all judges of courts of record in the state but is primarily intended to mean judges of courts of general sessions." The advisory commission comment to the rule specifies that the term "general sessions court . . . includes all courts

jurisdiction in a felony case. *See State v. Salyer*, 2009 WL 1798381, at *3 (Tenn. Crim. App. June 24, 2009) (noting that Tennessee Code Annotated section 40-1-109 provides that a general sessions court has jurisdiction to try and render final judgment in all *misdemeanor* cases and only when the defendant requests a trial upon the merits and expressly waives an indictment, presentment, grand jury investigation, and jury trial) (emphasis added); *State v. Jordan*, 1988 WL 138879, at *5 (Tenn. Crim. App. 1988) (observing that "the General Sessions Court's jurisdiction as to the felony warrant was limited; that it could have conducted a preliminary hearing as to probable cause, and then decided whether to bind the [defendant] over to the grand jury, or whether to dismiss the case"). Rather than object to the city court judge's action at the time, the State dismissed the case on its own soon after the hearing, which was in its province to do. Although the defendant argues that the State acquiesced to the city court judge's ruling by failing to object, our research has revealed no precedent requiring the State to object in such a situation and the failure to do so does not make the city court judge's actions valid or affect the propriety of the State's later actions.

In addition, we view it an instructive corollary that had the city court judge found no probable cause and immediately dismissed the charges at the preliminary hearing, the State would not have been prohibited from obtaining an indictment at a subsequent date. As this Court explained in *State v. D'Anna*:

> the authority and power of a Grand Jury to consider a case and return a presentment or an indictment upon finding probable cause is in no way interfered with or prevented by the fact that a committing magistrate fails to find probable cause and discharges the accused in a preliminary hearing. . . . It could not be otherwise without seriously impairing this vital part of the Grand Jury's function. If the Grand Jury were precluded from investigating an alleged offense previously dismissed upon a preliminary hearing by a committing magistrate because he found no probable cause, such action by the magistrate would amount to acquittal of the accused. Of course, this cannot be.

506 S.W.2d 200, 203 (Tenn. Crim. App. 1973). The Rules of Criminal Procedure similarly provide that the "discharge of the defendant [due to lack of probable cause] does not preclude the [S]tate from instituting a subsequent prosecution for the same offense." Tenn. R. Crim. P. 5.1(c).

---

exercising the jurisdiction of a general sessions court in state criminal procedures, including: (1) municipal courts having such jurisdiction by special legislative enactment[.]"

Moreover, this Court has concluded that the "issuance of an indictment by a grand jury marks the beginning of a new criminal proceeding and not the continuation of the prosecution from the preliminary hearing where the charges were dismissed." *State v. Randolph*, 2006 WL 2993459, at *5 (Tenn. Crim. App. Oct. 20, 2006), *perm. app. denied* (Tenn. Mar. 19, 2007); *see Waugh v. State*, 564 S.W.2d 654, 660 (Tenn. 1978) (stating that when charges are dismissed in general sessions court, the issuance of an indictment by the grand jury constitutes the beginning of a new criminal proceeding against a defendant); *State v. Lawson*, 2017 WL 4407832, at *4 (Tenn. Crim. App. Oct. 3, 2017), *perm. app. denied* (Tenn. Feb. 14, 2018); *Danny E. Rogers v. Carlton*, 2011 WL 4452207, at *2 (Tenn. Crim. App. Sept. 27, 2011), *perm. app. denied* (Tenn. Dec. 14, 2011).

In sum, the city court judge had no authority for the action taken, and the dismissal by the State and return of an indictment by the grand jury initiated a new matter. The procedural background of the city court case is of no consequence, and the trial court erred in dismissing the new indictment on an invalid basis. While we are mindful that the defendant apparently paid court costs in reliance on the city court judge's decision, such is a matter to be rectified by the court clerk and not by dismissal of the indictment against the defendant.

### *Conclusion*

Based on the foregoing authorities and reasoning, we reverse the trial court's order dismissing the indictment, reinstate the charges against the defendant, and remand the case to the trial court for further proceedings.

s/ J. ROSS DYER

J. ROSS DYER, JUDGE